IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARELLE D. FOX,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-299-NJR |
| | ) |
| **NURSE BRANDE, NURSE MARY ANN, NURSE CLINE, NURSE DOE, DOCTOR DOE, and WEXFORD,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darelle D. Fox, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Fox alleges Defendants were deliberately indifferent in treating his injured hand, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Fox makes the following allegations: Prior to entering IDOC custody, Fox sustained an injury to his left hand which resulted in surgery. He received instructions after the surgery; those instructions were given to jail authorities. In 2019, he transferred to Menard Correctional Center. He informed Nurse Doe during his initial physical assessment that he would need the pins from the surgery removed to relieve his continued pain (*Id.* at p. 6). From 2020 to the present, he handed medical requests to nurses while they passed out medication, asking to be seen by medical professionals (*Id.*). He informed Nurse Brande on numerous occasions during her rounds and informed her of the pain; he spoke with her on at least 20 occasions and requested to be seen by medical staff. She did not forward the information and he was not seen. He also informed Nurse Mary Ann on at least 20 occasions that he needed medical care due to the pain in his arm; she ignored his requests. Fox believes that the denial of medical services was a custom or common practice established by Wexford (*Id.*).

On January 29, 2022, Fox finally saw an outside medical specialist about his hand (*Id.* at p. 7). The specialist, Doctor Doe, informed Fox that his pain stemmed from the pins never being removed from his 2019 surgery and that the pins should have been removed years ago (*Id.*). But the John Doe specialist did not remove the pins and sent him back to Menard without treatment. On February 15, 2022, he was seen by Nurse Cline about his pain, and he was prescribed two medications but was not provided any further treatment (*Id.*). Fox is still in pain and the pins remain in his hand (*Id.*). His skin in the area now appears to be infected (*Id.* at p. 8).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Nurse Brande, Nurse Mary Anne, Nurse Cline, and Nurse Doe for failing to obtain Fox medical care for his injured hand.

**Count 2:** Eighth Amendment deliberate indifference claim against John Doe Doctor for failing to remove the surgical pins from Fox's hand.

**Count 3:** Eighth Amendment deliberate indifference claim against Wexford for having a custom, habit, or practice of denying medical services and treatment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Fox states a claim in Count 1 against Nurse Brande, Nurse Mary Ann, and Nurse Cline. He alleges that he informed Nurse Brande and Nurse Mary Ann of his pain on several occasions, and they never referred him to a medical professional for care. He also states a claim against Nurse Cline for failing to provide him with any treatment other than pain meds for his hand. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v.*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). But Fox fails to state a claim against Nurse Doe. He only alleges that he saw her on one occasion when he arrived at Menard and she conducted an initial assessment (Doc. 1, p. 6). There is nothing in the Complaint to indicate that Nurse Doe delayed his treatment or failed to report the injury in her assessment. Nurse Doe is, accordingly, **DISMISSED without prejudice**.

Fox also states a claim against John Doe Doctor for deliberate indifference. He alleges John Doe Doctor was contracted by IDOC and an employee of Wexford. He also alleges that John Doe Doctor acknowledged the pins were the cause of his pain and that they should have been removed earlier but failed to remove the pins and returned him to Menard without treatment.

Fox fails to state a claim, however, against Wexford. Other than stating that they had a custom, habit, or practice of denying medical care, he has failed to provide any facts to indicate what custom or practice caused his delay in treatment. Without more, Fox fails to state a claim, and Wexford is **DISMISSED without prejudice**.

To help identify John Doe Doctor, the Court **ADDS** Menard warden Anthony Wills (in his official capacity only) for the sole purpose of responding to discovery aimed at identifying John Doe Doctor.

## Disposition

For the reasons stated above, Count 1 shall proceed against Nurse Brande, Nurse Mary Anne, and Nurse Cline, but is **DISMISSED without prejudice** as to Nurse Doe. Count 2 shall proceed against John Doe Doctor. Count 3 against Wexford is **DISMISSED without prejudice.** Anthony Wills is **ADDED** to the case, in his official capacity only, for purposes of helping identify John Doe Doctor.

The Clerk of Court shall prepare for Defendants Nurse Brande, Nurse Mary Anne, Nurse Cline, and Anthony Wills (official capacity only):  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Fox. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Fox, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Anthony Wills is not required to file a responsive pleading as he has only been added to the case for purposes of responding to discovery to identify John Doe Doctor. Once Wills has entered the case, the Court will provide further instructions on discovery related to John Doe Doctor.

If judgment is rendered against Fox, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Fox is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 27, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**