IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARELLE D. FOX,** | |
| **Plaintiff,** | |
| v. | Case No. 22-cv-299-NJR |
| **BRANDY HAGGIE, NURSE MARY ANN, JILL CRANE, DOCTOR DOE, and ANTHONY WILLS,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Darelle D. Fox, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the Court on his motion to amend Complaint (Doc. 19).

Fox was originally allowed to proceed on claims for deliberate indifference against Nurse Brandy Haggie, Nurse Mary Anne, Nurse Jill Crane (Count 1) and John Doe Doctor (Count 2). His claims against Wexford and Nurse Doe were dismissed for failure to state a claim. Fox's proposed Amended Complaint seeks to re-allege and add claims against Nurse Doe, Wexford, Nurse Oakley, Nurse Weatherford, John Doe physical therapist, Nurse Ogle, Warden Anthony Wills, and IDOC Director Rob Jeffreys.

**AMENDED COMPLAINT**

In the Amended Complaint, Fox makes the following allegations: Prior to entering

IDOC custody, Fox injured his left hand requiring surgery to correct the bone. In 2019, he transferred to the Illinois Department of Corrections. He transferred to Menard and continued to complain of pain and an inability to use the hand. Upon an initial assessment at Menard, he made clear to Nurse Doe that he needed treatment for his hand, but no further treatment was provided, and Nurse Doe did not forward his requests for treatment.

From 2020 to the present, he has handed medical requests to various nurses seeking care. Nurse Brandy Haggie did not forward his medical requests. He verbally informed her of his pain at least 20 times and put in requests but she did not forward the information and he was not seen or treated. He also informed Nurse Mary Ann at least 20 times of his pain and request for medical care which was ignored. He notified Jill Crane (February 15, 2022), Nurse Oakley (February 18, 2022), Nurse Weatherford (February 18, 2022), and Nurse Ogle (February 20, 2022) about his hand, including that it was swollen, bleeding, and oozed pus. But they did nothing. He also alleges that he spoke to Weatherford and Ogle for weeks prior to the dates identified and they did not provide him with care. On February 15, 2022, Jill Crane provided him with two medications but provided no treatment.

Fox alleges his denial of care is due to a Wexford policy to understaff Menard's healthcare unit in order to save money. The understaffed healthcare unit leads to inmates like Fox being denied or delayed care and treatment. Wexford specifically has limited the doctors on staff to one full-time doctor which prevents Fox from receiving care for his hand. He has been told by staff that he cannot receive treatment because a doctor is not

on staff.

On January 29, 2022, he saw an offsite medical specialist for his pain, and the John Doe Doctor informed him that the pain stemmed from not having the pins removed from his hand after surgery. But John Doe Doctor did not remove the pins or ensure that the pins were removed. Instead, he simply sent Fox back to Menard without treatment.

On March 24, 2022, Fox saw John Doe physical therapist. John Doe physical therapist told Fox there was nothing he could do because his hand was swollen and the pins were still in his hand. He sent Fox back to his cell with no treatment.

Fox further alleges that Anthony Wills and Rob Jeffreys knew or should have known about Wexford's policies and corrected them. They also should have known about the inadequate medical care being provided due to reports from the John Howard association, inmate grievances, and class action cases about medical care. Because they did nothing to fix the system, Fox received inadequate medical care.

Fox also alleges that he later learned he was scheduled for surgery, but it had to be cancelled because the health care administrator did not order enough Covid-19 tests and he had to test negative prior to surgery. He alleges that he has suffered from intentional infliction of emotional distress because his surgery was cancelled.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

Defendants have not filed an Answer yet, so Fox may amend his Complaint under Rule 15(a)(1). But the Court is still required to screen his Amended Complaint to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

## DISCUSSION

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Nurse Brandy Haggie, Nurse Mary Ann, Nurse Jill Crane, Nurse Doe, Nurse Oakley, Nurse Weatherford, Nurse Ogle, and John Doe physical therapist for failing to obtain Fox medical care for his injured hand.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against John Doe Doctor for failing to remove the surgical pins from Fox's hand.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Wexford for having a custom, habit, or practice of denying services and treatment in order to save money.**
>
> **Count 4:** **Eighth Amendment deliberate indifference claim against Anthony Wills and Rob Jeffreys for failing to remedy the issues with Menard's healthcare unit and providing Fox care.**

Counts 1, 2, and 3 shall proceed at this time. Fox has offered additional information as to the claims against Nurse Doe and Wexford which the Court finds is enough to proceed at this time. He has also alleged that newly added Defendants Nurse Oakley, Nurse Weatherford, Nurse Ogle, and John Doe Physical Therapist were informed of his pain and issues with his hand and failed to provide him with care.

As to Count 4, against Warden Anthony Wills and IDOC Director Rob Jeffreys, Fox alleges that these individuals failed to change Wexford policies and should have been

aware of the inadequate medical care being provided due to reports from outside authorities, grievances from other inmates, and prior lawsuits. To the extent he alleges that they were in supervisory positions and should have acted when they knew that care was not properly being provided, the doctrine of *respondeat superior*, or supervisor, liability is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). A supervisory official can be held liable, however, if he knew about the conduct and facilitated, approved, condoned, or turned a blind eye to it. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). There are no allegations in the Complaint to allege that these Defendants were aware of Fox's specific issues with his medical care and failed to act. As such, he fails to state a claim against Wills and Jeffreys. Count 4 is **DISMISSED without prejudice**. Warden Wills will remain in the case, in his official capacity only, for purposes of identifying Nurse Doe, Doctor Doe, and John Doe Physical Therapist.

Fox also indicates that he wants to pursue an intentional infliction of emotional distress claim, but other than indicating he wants to pursue the claim, he fails to include any factual allegations which allege such a claim. Therefore, any claim for intentional infliction of emotional distress is also **DISMISSED with prejudice**.

## CONCLUSION

For the reasons stated above, Fox's motion to amend (Doc. 19) is **GRANTED in part and DENIED in part.** Fox shall proceed on: Count 1 against Nurse Brandy Haggie, Nurse Mary Ann, Nurse Jill Crane, Nurse Doe, Nurse Oakley, Nurse Weatherford, Nurse Ogle, and John Doe physical therapist, Count 2 against John Doe Doctor, and Count 3

against Wexford. Count 4 against Wills and Jeffreys is **DISMISSED without prejudice**. Anthony Wills remains in the case to help identify the unknown defendants.

As to the newly added parties, the Clerk of Court shall serve Defendants Wexford, Nurse Oakley, Nurse Weatherford, and Nurse Ogle in accordance with the threshold order (Doc. 9).

**IT IS SO ORDERED.**

**DATED:   June 1, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**