IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARELLE D. FOX,**  **Plaintiff,**  v.  **BRANDY HAGENE, NURSE MARY ANN, JILIAN CRANE, WEXFORD HEALTH SOURCES, INC., ANTHONY WILLS, MARTHA OAKLEY, JENNIFER WEATHERFORD, MELISSA OGLE, and JEANNE SAUERHAGE,**  **Defendants.** | Case No. 3:22-cv-00299-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Default Judgment as to Defendant Nurse Mary Ann (Doc. 113) filed by Plaintiff Darelle Fox. On February 22, 2022, Fox filed a Complaint alleging that his constitutional rights were violated while he resided at Menard Correctional Center because Defendants failed to obtain appropriate medical care for his injured hand. (Doc. 1). Specific to Nurse Mary Ann, Fox alleges that she ignored his requests for medical attention for pain in his arm and hand. (*Id.*). Fox filed an Amended Complaint on June 3, 2022. (Doc. 23).

Nurse Mary Ann[1] was served with a copy of the summons and amended complaint on August 18, 2022 (Doc. 53), but did not file an answer or otherwise respond. Accordingly, the Clerk of Court entered default against Nurse Mary Ann pursuant to Rule 55(a) of the

---

[1] The docket displays Defendant's name as Nurse Mary Ann, but the document reflecting receipt of service (Doc. 53) indicates Defendant's full name is Mary Ann Quillmann-Merideth.

Federal Rules of Civil Procedure on October 31, 2022. (Doc. 59). Days later, Fox filed a Motion for Default Judgment under Federal Rule of Civil Procedure 55(b) (Doc. 60), which the Court denied for lack of compliance with Local Rule 55.1 requiring that such a motion contain a statement that a copy of the motion was mailed to the last known address of the defaulted party, or an attorney thought to represent that party. (Doc. 108); *See* SDIL-LR 55.1. Fox subsequently filed another Motion for Default Judgment as to Nurse Mary Ann with the requisite statement that a copy of the motion was mailed to the Illinois Attorney General's Office, who is representing the other defendants employed by the Illinois Department of Corrections in this case. A response to Fox's motion as to Nurse Mary Ann has not been filed.

Rule 55(a) requires the clerk to enter default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. FED. R. CIV. P. 55(a). The clerk's entry of a default "is merely a formal matter and does not constitute entry of a judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 2010). After default has been established, the moving party must then seek entry of a default judgment. *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004). Pursuant to this District Court's Local Rules, a motion for default judgment pursuant to Rule 55(b) shall contain a statement that a copy of the motion was mailed to the last known address of the party from whom default judgment is sought. SDIL-LR 55.1. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy was mailed to that attorney. *Id.*

In this case, the Clerk has properly entered default under Rule 55(a). Further, the Court finds that the requirements of Local Rule 55.1 are satisfied. Accordingly, the Court

**GRANTS** the Motion for Default Judgment (Doc. 113) as to Defendant Nurse Mary Ann. At a later date, a hearing will be set by separate order to determine any appropriate damages to be imposed against Nurse Mary Ann.

    **IT IS SO ORDERED.**

    **DATED:**   November 29, 2023

                                                     **NANCY J. ROSENSTENGEL**
                                                   **Chief U.S. District Judge**