**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DARELLE D. FOX, #S02092, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 22-cv-00299-NJR |
| | ) | |
| NURSE BRANDE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, JEANNE SAUERHAGE, by and through her attorney, KWAME RAOUL, Attorney General of the State of Illinois, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby provides her Answer to Plaintiff's Amended Complaint [Doc. 23], in accordance with the Southern District Administrative Order No. 244 and this Court's Merit Review [Doc. 21]:

THE AMENDED COMPLAINT

In his Amended Complaint, Fox makes the following allegations: Prior to entering IDOC custody, Fox injured his left hand requiring surgery to correct the bone.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

In 2019, he transferred to the Illinois Department of Corrections. He transferred to Menard and continued to complain of pain and an inability to use the hand. Upon an initial assessment at Menard, he made clear to Nurse Doe that he needed treatment for his hand, but no further treatment was provided, and Nurse Doe did not forward his requests for treatment.

**ANSWER: Defendant Sauerhage does not independently recall Plaintiff, nor does she independently recall treating Plaintiff. Defendant admits, based on IDOC records, that she participated in Plaintiff's reception screening upon transfer to Menard Correctional Center on October 30, 2019. Based on IDOC records, Defendant denies the remaining allegations contained in this paragraph.**

From 2020 to the present, he has handed medical requests to various nurses seeking care.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

Nurse Brandy Haggie did not forward his medical requests. He verbally informed her of his pain at least 20 times and put in requests but she did not forward the information and he was not seen or treated.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

He also informed nurse Mary Ann at least 20 times of his pain and request for medical care which was ignored.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

He notified Jill Crane (February 15, 2022), Nurse Oakley (February 18, 2022), Nurse Weatherford (February 18, 2022) and Nurse Ogle (February 20, 2022) about his hand, including that it was swollen, bleeding, and oozed pus. But they did nothing.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

He also alleges that he spoke to Weatherford and Ogle for weeks prior to the dates identified and they did not provide him with care.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

On February 15, 2022, Jill Crane provided him with two medications but provided no treatment.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

Fox alleges his denial of care is due to a Wexford policy to understaff Menard's healthcare unit in order to save money. The understaffed healthcare unit leads to inmates like Fox being denied or delayed care and treatment. Wexford specifically has limited the doctors on staff to one full-time doctor which prevents Fox from receiving care for his hand. He has been told by staff that he cannot receive treatment because a doctor is not on staff.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent the allegations contained in this paragraph are directed at Defendant Sauerhage, Defendant denies the same.**

On January 29, 2022, he saw an offsite medical specialist for his pain, and the John Doe Doctor informed him that the pain stemmed from not having the pins removed from his hand after surgery. But John Doe Doctor did not remove the pins or ensure that the pins were removed. Instead, he simply sent Fox back to Menard without treatment.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

On March 24, 2022, Fox saw John Doe physical therapist. John Doe physical therapist told Fox there was nothing he could do because his hand was swollen and the pins were still in his hand. He sent Fox back to his cell with no treatment.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

Fox further alleges that Anthony Wills and Rob Jeffreys knew or should have known about Wexford's policies and corrected them. They also should have known about the inadequate medical care being provided due to reports from the John Howard association, inmate grievances, and class action cases about medical care. Because they did nothing to fix the system, Fox received inadequate medical care.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

Fox also alleges that he later learned he was scheduled for surgery, but it had to be cancelled because the health care administrator did not order enough Covid-19 tests and he had to test negative prior to surgery. He alleges that he has suffered from intentional infliction of emotional distress because his surgery was cancelled.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

DISCUSSION

Count 1:    Eighth Amendment deliberate indifference claim against Nurse Brandy Haggie, nurse Mary Ann, Nurse Jill Crane, Nurse Doe (Sauerhage), Nurse Oakley, Nurse Weatherford, Nurse Ogle, and John Doe physical therapist for failing to obtain Fox medical care for his injured hand.

**ANSWER: Defendant Sauerhage denies she failed to obtain Plaintiff medical care, denies she was deliberately indifferent, and denies she violated Plaintiff's constitutional rights.**

Count 2:    Eighth Amendment deliberate indifference claim against John Doe Doctor for failing to remove the surgical pins from Fox's hand.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

Count 3:    Eighth Amendment deliberate indifference claim against Wexford for having a custom, habit, or practice of denying services and treatment in order to save money.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

Count 4:     Eighth Amendment deliberate indifference claim against Anthony Wills and Rob Jeffreys for failing to remedy the issues with Menard's healthcare unit and providing Fox care.

**ANSWER: Defendant Sauerhage lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Pursuant to the Court's merit review Memorandum and Order, Count 4 was dismissed without prejudice. [d/e 21].**

## RELIEF REQUESTED

Defendant denies Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Defendant demands a jury trial on all issues triable by a jury.

## AFFIRMATIVE DEFENSES

**Exhaustion of Administrative Remedies**

Plaintiff has filed suit concerning incidents which occurred while Plaintiff was incarcerated within the Department of Corrections. To the extent Plaintiff has failed to properly exhaust administrative remedies as is required prior to filing suit under 42 U.S.C. §1983, his claims are, therefore, barred by the Prison Litigation Reform Act (42 U.S.C. § 1997e(a)) and *Perez v. Wisconsin Dept. of Corrections*, 182 F. 3d 532 (7th Cir. 1999).

**Eleventh Amendment Sovereign Immunity**

Any claim made by Plaintiff for monetary damages against Defendants in their official capacity is precluded by the Eleventh Amendment, which bars an action for damages in federal court against a State or a State official sued in their official capacity.

**Qualified Immunity**

At all times relevant herein, Defendant acted in good faith in the performance of her official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is, therefore, protected from suit by the doctrine of qualified immunity.

**Prison Litigation Reform Act Limitation on Recovery**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while a prisoner in the Illinois Department of Corrections, and Plaintiff seeks compensatory damages for alleged acts by prison officials. The Prison Litigation Reform Act prohibits recovery for mental or emotional injury suffered in such actions without a prior showing of physical injury or the commission of a sexual act. 42 U.S.C. § 1997e(e). Due to the nature of Plaintiff's claims and the lack of a physical injury or commission of sexual act, Plaintiff is barred from seeking compensatory damages in this matter.

**Injunctive Relief Barred**

To the extent Plaintiff is suing Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, Plaintiff's requests for such relief are barred by the Eleventh Amendment, sovereign immunity, and the Prison Litigation Reform Act.

**Litigation History**

To the extent that Plaintiff has failed to appropriately disclose his litigation history to this Court, Plaintiff's claims are subject to dismissal pursuant to the requirements of the Prison Litigation Reform Act.

**Statute of Limitations**

Plaintiff claims in this case are filed pursuant to 42 U.S.C. § 1983, and are subject to a two-year statute of limitations. *See Kalimara v. Illinois Dep't of Corr.,* 879 F.2d 276, 277 (7th Cir. 1989). All claims older than two years, subject to applicable tolling, are barred by the statute of limitation.

WHEREFORE, for the above and foregoing reasons, the Defendant respectfully requests that this Honorable Court enter judgment in her favor and against Plaintiff and deny any and all relief requested by Plaintiff in this matter.

Respectfully submitted,

JEANNE SAUERHAGE,

Defendant,

KWAME RAOUL, Attorney General,
State of Illinois,

Jennifer Powell #6310553
Assistant Attorney General                     Attorney for Defendant,
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone (618) 236-8784
Fax: (618) 236-8620                      By:  s/ Jennifer Powell
E-Mail: jennifer.powell@ilag.gov         Jennifer Powell #6310553
& gls@ilag.gov                           Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DARELLE D. FOX, #S02092, )| |
| ) | |
| Plaintiff, ) | |
| -vs- ) | No. 22-cv-00299-NJR |
| ) | |
| NURSE BRANDE, et al., ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2023, the foregoing document, *Answer and Affirmative Defenses*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy P. Dugan – tdugan@cassiday.com
Alison Matusofsky – amatusofsky@cassiday.com

On the same date, I caused a copy of same to be mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

Darelle D. Fox, #S02092
Menard Correctional Center
Individual in Custody LEGAL Mail/Parcel
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259

Respectfully submitted,


 s/ Jennifer Powell
Jennifer Powell #6310553
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone: (217) 557-7081
Fax: (618) 236-8620
E-Mail: jennifer.powell@ilag.gov
& gls@ilag.gov