IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARELLE D. FOX,<br><br>**Plaintiff,**<br><br>v.<br><br>BRANDY HAGENE, MARY ANN QUILLMANN-MEREDITH, JILIAN CRANE, WEXFORD HEALTH SOURCES, INC., ANTHONY WILLS, MARTHA OAKLEY, JENNIFER WEATHERFORD, MELISSA OGLE, and JEANNE SAUERHAGE,<br><br>**Defendants.** | Case No. 3:22-CV-00299-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a motion to Set Aside Default by Defendant Mary Ann Quillmann-Merideth[1] ("Merideth"). (Doc. 124). In the motion, Merideth moves the Court to vacate the Clerk's Entry of Default (Doc. 111), to set aside the default judgment entered by the Court (Doc. 122), and to grant leave to file a responsive pleading.

Plaintiff Darelle D. Fox filed his initial Complaint on February 22, 2022. (Doc. 1). After initial review, the Court permitted Fox to pursue his claims against Nurse Brande, Nurse Mary Anne, Nurse Cline, and Anthony Wills (in his official capacity only to identify John Doe Doctor), while dismissing claims against Nurse Doe and Wexford.[2] (Doc. 9). Merideth

---

[1] On the docket, Mary Ann Quillmann-Merideth's last name is spelled differently than reflected in her motion. The Court will use the version from her motion throughout this Order. The Clerk's Office is **DIRECTED** to correct the spelling of her name on the docket from Mary Ann Quillmann-Meredith to Mary Ann Quillmann-Merideth.

[2] After Fox amended his complaint with additional information, some claims against Wexford, Nurse Oakley, Nurse Weatherford, and Nurse Ogle were allowed to proceed. (Docs. 21, 23).

retired from the Illinois Department of Corrections ("IDOC") in early 2022. A waiver of service was "returned unexecuted as to Mary Ann" on May 2, 2022. (Doc. 11). The docket reflects that Merideth was served on August 18, 2022, which rendered her answer due on September 8, 2022. (Doc. 53). Attached to her pending motion, Merideth signed a declaration stating that she does not recall ever receiving service—in fact, she was hospitalized from August 16, 2022, to August 23, 2022, when service was supposedly effected. (Doc. 124-1). In October 2022, the Clerk entered default as to Merideth. (Doc. 59). About ten months later, Fox filed a Motion for Default Judgment as to Nurse Mary Ann. (Doc. 113). In August 2023, the Office of the Illinois Attorney General contacted Merideth, and she had no prior knowledge of the lawsuit. Merideth completed the necessary paperwork to request representation, and the Attorney General's Office entered an appearance for Merideth on September 7, 2023. (Doc. 118).

At this point, counsel intended to file a motion to vacate entry of default and to oppose Fox's Motion for Default Judgment. But due to ongoing jury trial preparation and miscommunication with other attorneys in the Attorney General's Office, the motion and response were never filed. Counsel indicates that the motion, supporting declaration, and responsive pleading were drafted but awaiting Merideth's signature, and inadvertently never filed. With the lack of response, the Court granted Fox's Motion for Default Judgment on November 29, 2023. (Doc. 122). Within three business days, Merideth submitted a Motion to Set Aside Default Judgment. (Doc. 124).

More recent Seventh Circuit cases have articulated a policy of favoring trial on the merits over default judgment. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). A court "may set aside an entry of default for good cause, and it may set aside a final default

judgment under Rule 60(b)." FED. R. CIV. P. 55(c). On motion and just terms, the court may relieve a party from a final judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, the judgment is void or has been satisfied, or any other reason that justifies relief. FED. R. CIV. P. 60(b)(1)-(6). The Seventh Circuit has explained that excusable neglect, under Rule 60(b)(1), requires a showing that the actions leading to default were not willful, careless, or negligent. *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 103 F.3d 612, 614 (7th Cir. 1997). In determining whether neglect is excusable, a court assesses all the relevant circumstances surrounding a defendant's failure to timely respond to the plaintiff's complaint, including: "(1) defendant's reason for failing to comply with its filing deadline; (2) the potential impact of defendant's neglect upon judicial proceedings; (3) the danger of prejudice to plaintiff[] should defendant's neglect be deemed excusable; and, (4) whether defendant acted in good faith." *Tate v. Riverboat Services, Inc.*, 305 F. Supp. 2d 916, 920 (N.D. Ind. 2004) (citing *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco*, 559 F.3d at 630-31 (citing *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 809-10 (7th Cir. 2007)). "The same requirements, although more strictly applied, must be met to set aside a default judgment under Rule 60(b)." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Medical Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020). Here, the Court entered default judgment so the more strictly applied standard under Rule 60(b) applies.

Based on her motion, Merideth's failure to file a responsive pleading was inadvertent and reflects an issue with proper service. Merideth attests that she never received service and

was actually in the hospital at the time service was purportedly effected. Given the lack of service, Merideth had no reason to believe any suit had been brought against her. She did not act willfully, carelessly, negligently, or in ignorance of a known obligation to respond to Fox's complaint. Merideth simply did not know about this action. When she did learn of the pending litigation, she acted quickly to obtain counsel through the Illinois Attorney General's Office, and counsel entered appearance on her behalf shortly thereafter. Merideth also has a meritorious defense, namely, she denies infringing upon any of Fox's constitutional rights while she was a medical provider within IDOC.

But the Court's analysis does not end there. Another complicating factor exists—counsel failed to respond to the Motion for Default Judgment after she entered an appearance for Merideth. Counsel indicates that due to ongoing preparation for a complex jury trial and an internal miscommunication, she thought the response was filed. Three business days after the Court entered default judgment, counsel moved to vacate the default judgment and explained the reason for the error. Counsel stands ready to enter a response to Fox's complaint upon a decision by the Court regarding the Motion to Set Aside Default Judgment.

Taking account of all relevant circumstances surrounding Merideth's omission, the Court finds that Merideth has demonstrated relief from default judgment is warranted. Merideth's late entry into the case resulted from a service issue, rather than willful ignorance of her obligation to respond, carelessness, or negligence. She acted quickly to remedy the issue, and she has a meritorious defense for the claims against her. As to the issue with counsel failing to respond to Fox's Motion for Default Judgment, the Court finds that counsel's neglect is excusable. Counsel has not shown disregard for the directives of this Court or her responsibilities in this case, as she also represents other defendants in this action

and has appropriately and timely filed responses for them. Counsel and Merideth appear to have both acted in good faith. Moreover, Fox is unlikely to suffer prejudice if Merideth's motion is granted and default judgment is set aside because he still has to defend his case on the merits against several other similar medical provider defendants. Discovery, evidence, and possible defenses substantially overlap as to each defendant. Moreover, Fox has yet to be deposed, discovery is ongoing, and a trial date has not been set.

Accordingly, the Court finds that Defendant Mary Ann Quillmann-Merideth has demonstrated good cause, inadvertence, and excusable neglect in her failure to properly respond in this case. Moreover, she acted quickly to rectify the issue and has a meritorious defense in the action. The Court **GRANTS** her Motion to Set Aside Default Judgment (Doc. 124). Default Judgment against Nurse Mary Ann (Doc. 122) is **VACATED.** Merideth shall file her answer or responsive pleading on or before **July 24, 2024.**

**IT IS SO ORDERED.**

DATED:   July 17, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**