IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARELLE D. FOX,<br><br>      Plaintiff,<br><br>v.<br><br>BRANDY HAGENE, MARY ANN QUILLMANN-MERIDETH, JILIAN CRANE, WEXFORD HEALTH SOURCES, INC., ANTHONY WILLS, MARTHA OAKLEY, JENNIFER WEATHERFORD, MELISSA OGLE, and JEANNE SAUERHAGE,<br><br>      Defendants. | Case No. 3:22-cv-00299-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on two motions filed by Plaintiff Darelle D. Fox, an inmate in the Illinois Department of Corrections. First, Fox filed a Motion for Reconsideration of the Court's Order setting aside default judgment against Defendant Mary Ann Quillmann-Merideth ("Merideth") and denying his request for appointment of counsel. (Doc. 146). Second, Fox filed another Motion to Appoint Counsel. (Doc. 153). For the reasons set forth below, both motions are denied.

As to the first motion, requests to reconsider an interlocutory order are properly brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and serve a limited function: to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d

601, 606 (7th Cir. 2000) (quotation omitted). A motion to reconsider is only proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (citation omitted).

Here, Fox misunderstands the Court's prior ruling. The Court found that, considering all the relevant circumstances, Defendant Merideth demonstrated that relief from default judgment was warranted. While Merideth represented to the Court that her late entry into the case resulted from a service issue, that was only one factor the Court considered in issuing its decision. The Court relied on Merideth's motion, not external evidence, and assures Fox that no evidence is being hidden or withheld from him. Ultimately, the Court is not convinced that it made any manifest error of law or fact warranting reconsideration. Moreover, as explained in the prior Order, Fox is not prejudiced in the decision to vacate default judgment against Merideth. He will simply have to proceed on the merits of his case against Merideth as with every other defendant in the case. As such, Fox's motion for reconsideration (Doc. 146) is **DENIED**.

To the extent Fox seeks reconsideration as to the Court's prior decision not to appoint counsel, that motion was denied without prejudice, and Fox has since filed another motion for appointment of counsel. As such, there is no basis for

reconsideration, and the Court will consider his renewed motion to appoint counsel in turn.

Fox argues that he needs counsel because the situation at Menard Correctional Center has become dire due to a recent emergency at the facility causing it to go into lockdown. He states that access the mailroom, law library, and other inmates has been severely limited. According to Fox, this inhibits his ability to litigate his case. Fox also states he is "an inmate who is forced to litigate *pro se*."

As an initial matter, no one is forcing Fox to litigate his claims *pro se.* He chose to file a lawsuit and now has to litigate it. Indeed, there is no constitutional or statutory right to counsel for a civil litigant. *Stroe v. Immigration and Naturalization Service*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But such recruitment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. *Id.* If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655. The Court has

already found that Fox has made a reasonable attempt to procure counsel on his own. (Doc. 57). Thus, the Court moves to the second part of the analysis.

As previously noted, Fox's claims pertain to medical treatment and involve many defendants, but the complaint itself centers on whether Defendants adequately addressed his hand and arm injury. (Docs. 21, 23). The Court has previously denied several of Fox's requests for counsel because of his ability to adequately represent himself thus far. Fox has previously stated that his reading and writing abilities are limited, he has limited legal knowledge, he takes medication for PTSD, and he is relying on assistance from other inmates. (Docs. 119, 120). He now states that he has experienced limited access to the law library, his legal materials, and other inmates who help him with his filings. (Docs. 128, 153).

It is a difficult decision as to whether to appoint counsel, "since '[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). As noted before, Fox's filings have been easy to understand and often include relevant legal research. For example, Fox's most recent motion for reconsideration was well-drafted and made some cogent arguments. Fox has also sent requests for production and discovery to Defendants. Given his ability to litigate thus far, the Court finds that he is capable of moving forward without counsel at this point in time. Again, the Court declines to appoint counsel.

If Fox encounters issues with law library access, he is welcome to petition the Court for an extension of time until his access is restored (as he has done in the past).

If Defendants fail to respond to his discovery requests, Fox may file a motion to compel pursuant to Federal Rule of Civil Procedure 37(a). The Court encourages Fox to continue with discovery on his own, and to notify the Court if issues arise. He may move for recruited counsel again in the future, if necessary, but his motion for recruitment of counsel (Doc. 153) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:  October 2, 2024

                                                  **NANCY J. ROSENSTENGEL**
                                                  **Chief U.S. District Judge**